UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE CREDIT UNION,<br><br>                Plaintiff,<br>    v.<br><br>M/V ZEN, et al.,<br><br>                Defendants. | No. 2:21-CV-1290-BJR<br><br>ORDER ON PLAINTIFF'S MOTION FOR MARITIME LIEN FORECLOSURE, SALE OF VESSEL, AND JUDGMENT |

This matter comes before the Court on Plaintiff Seattle Credit Union's Motion for Maritime Lien Foreclosure, Sale of Vessel, and Judgment. Dkt. No. 21. This case is a maritime lien foreclosure action brought *in rem* against the vessel M/V Zen and *in personam* against Defendant Scott R. Hagerman. Defendants have not appeared in this matter, and the Clerk of the Court previously entered orders of default against Defendant Hagerman *in personam* and against the M/V Zen *in rem.*

Having reviewed Plaintiff's motion and the balance of the record in this case, the Court DENIES Plaintiff's motion, without prejudice to filing a renewed motion. The reasons for the Court's order are set forth below.

**I.  Background**

This action stems from a loan that Plaintiff provided to Defendant Hagerman to purchase the M/V Zen. The materials attached to Plaintiff's complaint indicate that Plaintiff loaned

ORDER - 1

Defendant Hagerman $100,350 in October 2016 to purchase the vessel, with monthly payments due over a period of 12 years. Dkt. No. 1-2 at 5-7. In November of 2017, Plaintiff and Defendant Hagerman executed another document entitled "Preferred Marine Mortgage," which was recorded with the United States Coast Guard. *Id.* at 1-4. Plaintiff's complaint alleges that Defendant Hagerman "has defaulted under the terms of his agreement with [P]laintiff by failure to pay sums due when owed." Dkt. No. 1 at 2.

Plaintiff filed this action on September 23, 2021, seeking to foreclose on its maritime lien against the M/V Zen pursuant to 46 U.S.C. § 31325. Dkt. No. 1. Concurrently with its complaint, Plaintiff moved for orders to authorize the issuance of a warrant for arrest of the vessel and to appoint a substitute custodian. Dkt. No. 7. The Court issued such orders on September 24, 2021. Dkt. Nos. 10 and 11.

On January 5, 2022, Plaintiff moved for default against the M/V Zen *in rem* and against Defendant Hagerman *in personam* pursuant to Federal Rule of Civil Procedure 55(a). The Clerk of Court entered orders of default on January 12, 2022. Dkt. Nos. 19, 20.

In the pending motion, Plaintiff indicates that it "move[s] the court for an order foreclosing the maritime lien held by plaintiff against defendant upon defendant vessel, M/V Zen, and for an order allowing and directing sale of the vessel, and an order for judgment to be entered against defendants, the vessel M/V Zen, and Scott R. Hagerman." Dkt. No. 21 at 1.

## II.   Discussion

As a preliminary matter, the Court notes that Plaintiff does not specifically indicate that its pending motion seeks a default judgment pursuant to Federal Rule of Civil Procedure 55(b). However, the Clerk has entered default against Defendants under Federal Rule of Civil Procedure 55(a) and Plaintiff's motion states that it is "[b]ased upon the defendant[s'] default."

ORDER - 2

Dkt. No. 21 at 1. As a result, the Court construes Plaintiff's motion as a motion for default judgment under Federal Rule of Civil Procedure 55(b). *See, e.g.*, *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (courts will construe a motion, "however styled," to be the type proper for the relief requested); *see generally* Symantec *Corp. v. Global Impact, Inc.,* 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rule 55 is a "two-step process" of entering default under Rule 55(a) and entering a default judgment under Rule 55(b)).

Local Civil Rule (LCR) 55(b) sets a number of requirements for a party seeking a default judgment. Of particular relevance here, LCR 55(b)(2) provides that "Plaintiff must support a motion for default judgment with a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." LCR 55(b)(2) further provides:

> (A) Plaintiff shall provide a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought. If the claim is based on a contract, plaintiff shall provide the court with a copy of the contract and cite the relevant provisions.
>
> (B) If plaintiff is seeking interest and claims that an interest rate other than that provided by 28 U.S.C. § 1961 applies, plaintiff shall state the rate and the reasons for applying it. For prejudgment interest, plaintiff shall state the date on which prejudgment interest began to accrue and the basis for selecting that date.
>
> (C) If plaintiff seeks attorney's fees, plaintiff must state the basis for an award of fees and include a declaration from plaintiff's counsel establishing the reasonable amount of fees to be awarded, including, if applicable, counsel's hourly rate, the number of hours worked, and the tasks performed.

To support its pending motion, Plaintiff has offered only a skeletal declaration from Matthew Westfall, who is identified as Plaintiff's "Member Solution Supervisor." In this declaration, Mr. Westfall asserts:

> On or around October 7, 2016, defendant executed a written loan agreement. Defendant has defaulted under the terms of the agreement. The current payoff balance due and

ORDER - 3

owing on said account is $111,572.50 as of January 20, 2022.  The above referenced payoff balance consist [sic] of the full amount due of $88,647.50, plus late charges of $300, interest of $3,609.71, and attorney fees, substitute custodian fees, and cost [sic] in the sum of $19,015.29 for a total payoff balance of $111,572.50.

Dkt. No. 22.

Plaintiff's motion and Mr. Westfall's declaration do not satisfy the requirements of LCR 55(b)(2).  There is no explanation in the motion or in Mr. Westfall's declaration how the amounts sought were calculated.  In addition, Plaintiff has not provided a declaration from its counsel to attempt to justify its request for attorney's fees; indeed, Plaintiff has not even identified the specific amount of attorney's fees it seeks.[1]

Therefore, the Court denies Plaintiff's motion, without prejudice to filing a renewed motion that complies with the requirements of Local Civil Rule 55(b).  Plaintiff is further advised that if it chooses to file a renewed motion, the Court requests that Plaintiff provide citations to authority to support each form of relief requested in the motion.

As a final matter, the Court notes that Plaintiff's motion not only requests that the Court enter judgment against the vessel M/V Zen *in rem* and order the sale of the vessel, but also requests that the Court enter judgment against Defendant Hagerman *in personam* "in the amount of $111,572.50, plus costs, interest at the rate of 9.49% per annum and reasonable attorney's fees, less the application and delivery of the net proceeds of sale of the defendant vessel, her engines, equipment, etc." Dkt. No. 21 at 2-3.  If Plaintiffs file a renewed motion that seeks entry of a default judgment against Defendant Hagerman *in personam*, the Court requests that Plaintiff

---

[1] Plaintiff also has not attached a copy of the relevant contract to the pending motion, nor has Plaintiff cited to the relevant provisions of the contract in its motion.  The Court recognizes that Plaintiff attached a copy of a Preferred Marine Mortgage and a Loan Agreement and Consumer Credit Disclosure Statement to its complaint; however, Plaintiff's motion does not identify which (or both) of these documents is the relevant agreement, nor does Plaintiff's motion identify the relevant provisions of these agreements as required by LCR 55(b)(2).  Plaintiff's motion also requests assessment of interest at the rate of 9.49 percent, without stating the reasons for applying this interest rate.

ORDER - 4

address the question of whether it would be premature to issue such a judgment against Defendant Hagerman *in personam* before the sale of the vessel is completed, given that it is not yet known if the proceeds of the sale would satisfy the judgment amount. *See, e.g.*, *Pawtucket Credit Union v. M/Y Sea Rayna*, No. 3:20-CV-01847, 2021 WL 4248968, at *6 (D. Conn. Sept. 17, 2021) (ordering on motion for default judgment that "Plaintiff shall have the ability to petition the Court for a deficiency judgment against [the *in personam* defendant] pursuant to 46 U.S.C. § 31325 should the proceeds from the sale of the [vessel] not satisfy the judgment . . ."); *Fortis Bank (Nederland) N.V. v. M/V Shamrock*, No. 04-CV-147, 2005 WL 1819585, at *1 (D. Maine July 29, 2005) (declining to enter default judgment against *in personam* defendants without updated evidence establishing the amount of the deficiency that remained after resolution of the *in rem* claims).

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Maritime Lien Foreclosure, Sale of Vessel, and Judgment is DENIED, without prejudice to filing a renewed motion.

Dated:  April 14, 2022.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 5